# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEREMY M. WINE ,**

      Plaintiff,

-vs-                        Case No. 14-C-1276

**SANDRA JOHNSTON, et al.,**

      Defendants.

## DECISION AND ORDER

The plaintiff, Jeremy Wine, a state prisoner, is proceeding *pro se* and *in forma pauperis* on claims under 42 U.S.C. § 1983. On October 23, 2015, the Court entered a Scheduling Order that set a discovery deadline of January 29, 2016, and a dispositive motion deadline of February 29, 2016. (ECF No. 15). This matter is now before the court on motions filed by the defendants and the plaintiff.

The defendants' motion to compel and motion to stay and the plaintiff's motion for protective order are related, and the Court will consider them together.

On February 16, 2016, the defendants filed a motion to compel the plaintiff to sign an authorization for release of his medical and psychological services records with the Wisconsin Department of

Corrections (DOC). The defendants argue that the plaintiff placed his physical and mental health at issue when he brought this action and that they are unable to investigate the plaintiff's claims or adequately defend against them without access to the plaintiff's records.

The defendants served the plaintiff on November 9, 2015, with their first request for production of documents and asked the plaintiff to provide certified copies of his medical and psychological services records contained in his DOC file. In the alternative, the defendants asked the plaintiff to sign an authorization form so that they could obtain the records themselves. The plaintiff did not provide the records or the signed authorization.

On February 2, 2016, the defendants' counsel sent a letter to the plaintiff giving him another opportunity to provide an authorization before the defendants filed a motion to compel. Again, the plaintiff did not return the signed authorization; he did not respond to the letter in any way.

The plaintiff responded to the motion to compel on February 22, 2016. He asserts that he never received either authorization from the defendants. He asks for a protective order limiting the records he needs to disclose. According to the plaintiff, he has no problem sitting down with the defendants' attorneys as they pick what they want to copy out of his

records. However, he does not want the defendants reading or copying documents that are not relevant to this lawsuit. He proposes that the parties could forward any documents they disagree about to the Court to decide whether the defendants are entitled to them. The plaintiff believes that this procedure would protect his rights under the First Amendment and the Health Insurance Portability and Accountability Act (HIPAA).

Also on February 16, 2016, the defendants filed a motion asking to stay the Scheduling Order, including the deadline for filing motions for summary judgment until the plaintiff has authorized disclosure of his medical and psychological records to the defendants. The plaintiff agrees that deadlines should be stayed until the discovery motions are resolved. The Court considers an inability to obtain the plaintiff's relevant records good cause for an extension of time. *See* Fed. R. Civ. P. 6(b).

On February 22, 2016, the plaintiff filed a response to the defendants' motions. He also filed a motion for a protective order and a motion to compel and stay. In his motion for a protective order, the plaintiff asks for a protective order denying the defendants unlimited access to the plaintiff's medical and psychological records. He references a stipulated protective order entered in Case No. 14-cv-838 (E.D. Wis.)

The plaintiff asserts that he never received the authorizations the

- 3 -

defendants allege they sent on November 9, 2015, and February 2, 2016. The plaintiff believes that an authorization sent November 9, 2015, would have been premature because the defendants had not yet filed their answer in this case. Further, the plaintiff submits that the defendants' request is overly broad and would give the defendants access to medical and psychological records that have no relevance to the facts of this lawsuit. The plaintiff asserts that the defendants are not entitled to unfettered access to his medical and psychological records and suggest that their basis for exploring these files is specious. The plaintiff says the defendants need to specify what records they are seeking and that a broad request for all documents is inappropriate and excessive. The plaintiff asserts that he cannot be compelled to sign a medical information release.

As relief, the plaintiff asks the court to grant his motion for protective order, immediately schedule this motion for a telephone hearing, issue a protective order that directs defendants and their attorney to make specific discovery requests that specify what information they are seeking, and allow the plaintiff to be present in person when the defendants' attorney wants to come to the prison to review and copy records to ensure that non-relevant documents are not being copied and forward those to the court for a decision on relevance.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When determining whether discovery is appropriate, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D.Ind.2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, at *1 (N.D.Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D.Ind.2003)); *see Adams v. Target*, 2001 WL 987853, at *1 (S.D.Ind. July 30, 2001) ("For good cause, the court may

order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle*, 2001 WL 629303, at *2 (N.D.Ill. May 25, 2001) ("Discovery is a search for the truth.").

The plaintiff placed his physical and mental condition at issue when he filed this case. Although the plaintiff's claims relate primarily to his mental health, both his medical and psychological records may provide information that is relevant to the plaintiff's claims. The defendants are entitled to review those records as part of the discovery process, but that does not mean that the records will necessarily be admissible later in the case.

The Court will direct the defendants to provide the plaintiff with a new authorization, and the plaintiff will have ten (10) days to return the signed authorization to the defendants. The defendants shall advise the Court by filing a letter when they receive the authorization. At that time, the Court will enter an Amended Scheduling Order with new deadlines for the close of discovery and dispositive motions.

The Court will now turn to the plaintiff's motion to compel and stay. The plaintiff asserts that the defendants have not fully responded to discovery requests he sent them on December 28, 2015. The plaintiff asks the Court to direct the defendants to re-answer the plaintiff's December 28,

2015, requests for production of documents as though they never answered them before. The plaintiff wants the Court to order the defendants to produce all the documents he requested to ensure the plaintiff's due process rights. As relief, the plaintiff asks that the Court order: (1) the defendants to answer the plaintiff's request for production of documents fully with a copy of all requested documents within 30 days of this order; (2) the defendants' attorney to conduct a telephone conference with the plaintiff to discuss cooperation and resolution of discovery issues; and (3) a stay of all proceedings in this lawsuit until all discovery issues are resolved.

The plaintiff asserts that the defendants are refusing to produce documents that exist, are relevant, and that they can obtain. The plaintiff wants each defendants' personnel file and history of discipline and investigations against them. He seeks to establish a pattern and history of misconduct and rule violations. Plaintiff says he sent the defendants' attorney a letter asking her to call him at the prison to discuss and resolve discovery matters, and she ignored it.

The defendants filed a response to the plaintiff's motions. They argue that the plaintiff failed to comply with the requirement to confer in good faith before filing a motion to compel, that the plaintiff failed to meet

his burden to prove that the defendants' responses were insufficient, and that they have adequately responded to the plaintiff's discovery requests. The defendants' attorney declares that the plaintiff never contacted her in an attempt to resolve the discovery dispute.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

It does not appear that the plaintiff properly complied with Rule 37 and Civil Local Rule 37(a). At best, his request for the defendants' counsel to call him to discuss a discovery matter was vague. In any event, the defendants responded to the plaintiff's requests for production of

documents, and the plaintiff has not shown that the responses were inadequate. The Court will deny the plaintiff's motion to compel.

The Court also will deny the plaintiff's motion to stay the case, but the Court will amend the Scheduling Order, as discussed above.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the defendants' motion to compel (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion to stay scheduling order (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for protective order (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants shall provide the plaintiff with a new authorization within seven (7) days of this Order. The plaintiff must return the signed authorization to the defendants within ten (10) days of receiving it. The defendants shall advise the Court when they receive the authorization by filing a letter. At that time, the Court will

- 9 -

enter an Amended Scheduling Order with new deadlines for the close of discovery and dispositive motions. If the plaintiff does not return the signed authorization, the Court will entertain a motion to dismiss.

Dated at Milwaukee, Wisconsin, this **7th** day of **June**, 2016.

> BY THE COURT:
>
> _____
> **HON. RUDOLPH T. RANDA**
> **U.S. District Judge**